IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE A. ORTIZ | § | |
| | § | |
| | § | CIVIL ACTION NO. 7:16-CV-00133 |
| VS. | § | |
| | § | |
| STANDARD GUARANTY | § | |
| INSURANCE COMPANY | § | JURY DEMANDED |

### PLAINTIFF'S OPPOSED MOTION TO REMAND

Plaintiff files this motion to remand under 28 U.S.C. §1447(c).

A.  Introduction

1. Plaintiff is Jose A. Ortiz, Defendant is Standard Guaranty Insurance Company.

2. On February 11, 2016, plaintiff sued defendant for causes of action including breach of contract and DTPA violations in the County Court at Law No. 5 of Hidalgo County, Texas.

3. Defendant was served March 4, 2016. Defendant answered the suit on March 14, 2016.

4. Defendant filed its notice of removal on March 23, 2016.

B.  Argument

5. The court must strictly construe the removal statutes in favor of remand and against removal. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *Brown v. Francis*, 75 F.3d 860, 864-85 (3d Cir. 1996).

6. The court may remand a case on the basis of any defect identified in a motion for remand filed within 30 days after the filing of the notice of removal under 28 U.S.C. §1446(a). 28 U.S.C. §1447(c).  If Plaintiff proves to a legal certainty that, if successful, they would not be able to recover more than the jurisdictional amount of $75,000.00, the case must be remanded to state court. See *McPhail v. Deere Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

7. The court should remand this case to state court because the amount in controversy is less than $75,000, excluding interest and costs. 28 U.S.C. §1332(a); *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755-56 (11th Cir. 2000).

8. Plaintiff was very specific in his pleadings that the "PLAINTIFF seeks damages of monetary relief of no more than $75,000.00." *See Exhibit "A" – Plaintiff's Original Petition*. Thus, the amount in controversy is not greater than $75,000 and there is no diversity jurisdiction.

9. Second, the Court should remand this case to state court because, assuming argument that it was not clear from Plaintiff's original pleadings that they were not pleading more than $75,000.00, where the pleadings are ambiguous, post-removal affidavits can be used to clarify the amount in controversy. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d (5th Cir. 2000); *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Columbia v. Dow Quimica de Colombia S.A.*, 988 F.2d 599, 565 (5th Cir. 1993), cert denied, 510 U.S. 1041, 114 S.Ct. 685, 126 Led.2d 653 (1994).

10. Plaintiff has attached his binding affidavit in which Plaintiff affirms he is not seeking more than $75,000.00 nor would he accept a judgment more than $75,000.00. Thus, this cause of action does not reach the amount in controversy requirement of diversity jurisdiction and this court does not have jurisdiction.

## C. Conclusion

11. Therefore, as it is clear from Plaintiff's Original Petition that he is not seeking recovery which would meet the amount in controversy, and where it is allegedly not clear, he has signed and submitted a binding stipulation as to the same fact, the amount in controversy requirement for this Court to have diversity jurisdiction over the cause of action at bar is

not met. For these reasons, plaintiff asks the court to grant this motion, remand this suit to the state court where it was originally filed, and award plaintiff its court costs, expenses, and attorney fees.

                V. GONZALEZ & ASSOCIATES, P.C.

121 North 10th Street
McAllen, Texas 78501
Telephone: (956) 630-3266
Facsimile: (956) 630-0383

By: */s/ Krystal E. Garza*
KRYSTAL E. GARZA
**State Bar No. 24091855**

## CERTIFICATE OF CONFERENCE

    I, hereby certify that in good faith I conferred with Jeremy A. Williams, Attorney for Standard Guaranty Insurance Company prior to filing the Motion to Remand. Defense counsel is opposed to the motion.

                */s/ Krystal E. Garza*
                KRYSTAL E. GARZA

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record in this matter via the DC/ECF system on the 22nd day of April, 2016.

    Jeremy A. Williams
    Bradley Aiken
    Edison, McDowell & Hetherington, LLP
    Phoenix Tower, Suite 2100
    Houston, Texas 77027

                */s/ Krystal E. Garza*
                KRYSTAL E. GARZA